May Term,
1849.

WARDEN
v.
DUNDAS.

WARDEN and Another *v.* DUNDAS and Others.

Assumpsit by *Dundas, Lewis, Jones, Pittfield, and Howell.* The declaration averred that the plaintiffs were the owners of a certain tract of land, &c.; that the defendants made their certain writing, &c., whereby they acknowledged themselves tenants on said land, and agreed to pay the plaintiffs, &c. An agreement was produced corresponding with that set out in the declaration except that it was signed " *T. Kirby,* agent for *James Dundas* and others." *Held,* that it was not sufficient to prove the contract declared on without proof of its execution or explanation.

*Friday,*
*July 13.*

ERROR to the *Switzerland* Circuit Court.

SMITH, J.—Assumpsit by *Dundas, Lewis, Jones, Pittfield,* and *Howell,* against *Jesse Warden* and *Henry Warden.* The first count was that the plaintiffs were, in *March,* 1842, the owners of a certain tract of land, and that the said defendants (with one *Joseph Warden,* who was a minor,) made their certain writing of that date, whereby they acknowledged themselves tenants on said land, and agreed with the plaintiffs to occupy and cultivate the same for one year, and to pay as rent for said year, 160 dollars in cash or work; that the defendants occupied the land, and failed to pay, &c. The second count is for two years occupation of the premises after the expiration of the lease described in the first count, at an annual agreed rent of 160 dollars. The third count is for the use and occupation of the premises for two and one half years. The defendant pleaded payment and *non-assumpsit.* There was a jury trial which resulted in a verdict and judgment for the plaintiff, a motion for a new trial having been overruled.

The plaintiffs on the trial introduced an instrument in writing corresponding with that set out in the first count, except that it purported to have been made by the defendants, and " *T. Kirby,* agent of *James Dundas* and others." It was signed by the defendants and *Joseph Warden,* and did not contain the names of either of the plaintiffs except *Dundas.* It was admitted that *Joseph Warden* was an infant, and the plaintiffs proved that the defendants had occupied the premises from the spring of

1842, until *October*, 1845. This was all the testimony offered.

The Court instructed the jury that the instrument introduced was proper evidence to prove the contract declared upon without proof of its execution or explanation, *aliundi*, and refused instructions asked for by the defendants to the effect, that it was necessary to give further proof that the contract was made with the plaintiffs.

We think this judgment cannot be sustained. The instrument produced in evidence was not a contract with the plaintiffs unless they were the persons meant by the words "*James Dundas* and others." There is nothing in these words alone from which it could be reasonably inferred that the plaintiffs were parties to the agreement, and as there was no other evidence whatever of any contract between the plaintiffs and the defendants, or of any occupation by the latter of land belonging to the former, there is a material deficiency in the proof necessary to sustain the cause of action described in the declaration.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*J. Brown* and *E. Dumont*, for the plaintiffs.